# AMOS ROBLES, ETC.,

*v.*

# AMERICAN RAILROAD COMPANY OF PORTO RICO.

---

San Juan, Law, No. 936.

### POLICE LAW OF RAILROADS.

Negligence—Railroad Engineer.
>    1. The general rules of negligence apply in Porto Rico under § 1803 of the Civil Code. An engineer while handling his train where he cannot see ahead must pursue the same rules of care as obtain elsewhere.

Same—Spanish Police Law of Railroads.
>    2. The Police Law of Railroads in force under the Spanish rule seems to make up a system closely connected with Spanish method of government, and is inconsistent with American institutions. This police law must be held to have been abrogated by the American occupation or by the Foraker Act, which substituted a civil government.

Same.
>    3. The old rules of care apply. Nevertheless the same care will be exacted of railroad officials under American institutions that was exacted under the Spanish, and so far as practicable the principles and practice found in the old regulations will be considered as the principles and practice as to negligence under the present government.

Opinion filed December 10, 1914.

Robles v. American R. Co.

*Mr. E. B. Wilcox* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

The plaintiff offers in evidence certain parts of the Spanish Railroad Law, more particularly § 78 of the Police Law of Railroads, found on page 1341 of the Compilation of Porto Rican laws, being a part of the Police Law and Regulations promulgated in Porto Rico in February, 1888. This seems to be closely connected with the Railroad Law promulgated for Porto Rico in January, 1888, found on page 1309 of the same Compilation. The objection is made that the Colonial Law of Railroads in force under the Spaniards did not apply at the time of this accident, which was April 2, 1909. There is no question that this regulation and these laws applied prior to the change of sovereignty. The question is, What was the effect of the change of sovereignty? For the time being there was no formal change. The military were in control and enforced under International Law such of the public law as seems consistent and practically all the private law. That would be the ordinary rule of International Law. Nothing is shown as to the action of the military as to this Police Law or the Railroad Law one way or the other. The more important question is, What happened after the Porto Rico Act was passed in 1900? That turned over all local matters to the local legislature, which was established with a certain provision, the right to veto in the general government. That unquestionably turned over the whole subject of the regulation of railroads to

Robles v. American R. Co.

the local government, but did it *ipso facto* change, or was there before that any change in, the old law of railroads? Was the old law superseded and simply a blank left? The power of regulation was unquestionably given to the local legislature, but was it a power to change existing regulations, or was it a power to enact regulations on a subject which was at that time a blank? That I believe is the exact question.

1. Now in the first place let me say that I do not think that a decision in this case will make any material difference one way or the other, for the reason that the general law of negligence in § 1803 of the Civil Code applies in Porto Rico as to whatever is usually done in railroads. I do not mean any special regulations as to particular circumstances, but whatever is usually done by railroads under similar circumstances. This would apply in the way of carrying out its duties with due care. This would apply in Porto Rico just as it would apply anywhere else, and I would hold in any proper case that the principle found in this art. 78 applied in April, 1909, at the time of this accident, as it has applied ever since and applied before,—that the engineer shall so handle his train, where he cannot see, that it shall not produce injury so far as it can be avoided. I think that would be a general principle, certainly under American institutions; so that it would be applied in this case.

2. In the second place, it may not be improper to go a little further and say this, that these old laws of railroads do not seem to the court to be applicable, at least after the passage of the Foraker Act. It is not necessary to say what was the rule before that. They make up one system, to be operated under certain officials and with a larger control by the government

Robles v. American R. Co.

than is usual under the American rule. It would look as if they, as a system, passed away with the change of sovereignty, certainly with the passage of the Foraker Act, which confers all those powers upon the local authorities. If the local authorities had wanted the old regulations to continue, the proper way and the usual way would be to pass some act continuing in force all old laws. That was not done; so that in the opinion of the court this system as to railroads was not in force after the Foraker Act. The point does not seem to have come before the local courts, at least it has not been decided definitely by the supreme court of the Island. Some light is thrown upon it by the case of Godreau v. American R. Co. 17 P. R. R. 760, 763, of the English edition, where a similar provision, not this particular one, but a provision as to lights, was in question. The Spanish Law of Railroads to which I have referred provided a system of lights. The court says that it has not been shown that any law or regulation imposing such duty, that is, as to lights, upon the defendant, is in force. This would apparently imply that the Spanish Law was not in force. Still, I would not like to rely upon that decision by itself, because it is so brief and there seems to be no discussion of the subject. I cite it simply as throwing additional light, not as being conclusive in itself.

3. In the third place, let me add, however, simply as indicated at the beginning, that this decision will make no practical difference as to anything which under the general practice of railroads would be negligence. The court would enforce these rules as to negligence regardless of Spanish Law or any other law. They are a part of the make-up of a civilized state, which requires railroads as well as individuals to carry on their busi-

Robles v. American R. Co.

ness in a way that would be free from negligence in the ordinary sense of the word. So that it seems clear to me that the system does not obtain as a system, but the principles as to negligence will be enforced. I am not speaking of all particular phases, because they may or may not apply, but as to this § 78, the principle implied will be applied in this case. The section reads as follows: "The engineer shall slow up his engine, not only in large cuts where there are curves, but also at other points of the line which do not permit a large surface of the road to be seen."

The objection is sustained, and the Spanish Police Law of Railroads is not admitted.